1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                        * * *

6    STEVEN FLOYD VOSS,                          Case No. 3:20-cv-00266-MMD-CLB

7                             Plaintiff,                     ORDER

          v.
8
     BARBARA CEGAVSKE, *et al.*,
9
                              Defendants.
10

11          Plaintiff Steven Floyd Voss, who is in the custody of the Nevada Department of

12   Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983

13   and has filed an application to proceed *in forma pauperis*, a motion requesting a

14   modification of the *in forma pauperis* requirements, and two motions for a preliminary

15   injunction. (ECF Nos. 1-1, 4, 5, 6, 7.) The Court now screens Plaintiff's civil rights

16   complaint pursuant to 28 U.S.C. § 1915A and addresses Plaintiff's motions.

17   **I.      SCREENING STANDARD**

18          Federal courts must conduct a preliminary screening in any case in which an

19   incarcerated person seeks redress from a governmental entity or officer or employee of

20   a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify

21   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

22   claim upon which relief may be granted, or seek monetary relief from a defendant who is

23   immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

24   be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

26   (1) the violation of a right secured by the Constitution or laws of the United States, and

27   (2) that the alleged violation was committed by a person acting under color of state law.

28   *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1    In addition to the screening requirements under § 1915A, pursuant to the Prison

2    Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's

3    claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails

4    to state a claim on which relief may be granted, or seeks monetary relief against a

5    defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a

6    complaint for failure to state a claim upon which relief can be granted is provided for in

7    Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

8    § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a

9    court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

10   the complaint with directions as to curing its deficiencies, unless it is clear from the face

11   of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*

12   *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

13   Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

14   *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to

15   state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in

16   support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d

17   756, 759 (9th Cir. 1999). In making this determination, the court takes as true all

18   allegations of material fact stated in the complaint, and the court construes them in the

19   light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th

20   Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

21   formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While

22   the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

23   must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550

24   U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

25   insufficient. *Id.*

26   Additionally, a reviewing court should "begin by identifying pleadings [allegations]

27   that, because they are no more than mere conclusions, are not entitled to the assumption

28   of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

1    the framework of a complaint, they must be supported with factual allegations." *Id.* "When

2    there are well-pleaded factual allegations, a court should assume their veracity and then

3    determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

4    whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

5    requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6        Finally, all or part of a complaint filed by an incarcerated person may therefore be

7    dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.

8    This includes claims based on legal conclusions that are untenable (*e.g.*, claims against

9    defendants who are immune from suit or claims of infringement of a legal interest which

10    clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*,

11    fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

12    *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

13    **II.    SCREENING OF COMPLAINT**

14        In his Complaint, Plaintiff sues multiple defendants for events that took place while

15    Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No.

16    1-1 at 1.) Plaintiff sues Defendants Barbara Cegavske, the State of Nevada, Balaan,

17    Christopher P. Hicks, Perry Russell, and Kathleen Drakulich. (*Id.* at 2-3.) Plaintiff alleges

18    one count and seeks injunctive relief. (*Id.* at 3-8.)

19        The Complaint alleges the following. On November 27, 1996, Plaintiff was

20    convicted of six separate counts. (*Id.* at 5.) Plaintiff appealed his conviction and the

21    postconviction court found that the sentences imposed in each of the six counts was

22    disproportionate. (*Id.* at 5-6.) The postconviction court ordered that Plaintiff be

23    resentenced. (*Id.* at 6.) But Plaintiff was never resentenced, and on October 17, 2017, he

24    filed a petition with the Supreme Court of Nevada asking that his convictions be vacated

25    and that a judgment of acquittal be entered as a result of the failure to resentence him.

26    (*Id.*)

27        The Nevada Court of Appeals issued an order on Plaintiff's petition, and he

28    attached the order to his Complaint. (*Id.* at 6, 18-20.) The Nevada Court of Appeals denied

1   Plaintiff's request for entry of a judgment of acquittal on the grounds that it had never

2   been determined that Plaintiff's convictions were invalid. (*Id.* at 19.) Instead, the Nevada

3   Court of Appeals ordered that Plaintiff be resentenced on the original convictions. (*Id.* at

4   20.) The Nevada Court of Appeals also noted that Plaintiff had not been subject to illegal

5   restraint due to the failure to resentence him because he was also concurrently serving a

6   sentence of life without the possibility of parole. (*Id.* at 19 n.1.)

7        Plaintiff has already completed his sentence on all six of the counts, and, thus,

8   resentencing at this point will not grant Plaintiff any relief. (*Id.* at 7.) Nonetheless, the state

9   district court has entered an order for resentencing, and that proceeding is currently

10  pending. (*Id.*) Based on these allegations, Plaintiff asserts that Fifth, Sixth, and Fourteenth

11  Amendment rights have been violated, and Plaintiff requests that this Court order that the

12  district court enter a judgment of acquittal rather than resentencing Plaintiff on his six

13  convictions. (*Id.* at 5, 15)

14        Under the *Rooker–Feldman* doctrine, "a federal district court does not have

15  subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.

16  The United States Supreme Court is the only federal court with jurisdiction to hear such

17  an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Additionally, a federal

18  district court may not decide any issue that is a *de facto* appeal from a judicial decision

19  from a state court or any issue raised in a suit that is "inextricably intertwined" with an

20  issue resolved by a state court in its judicial decision. *Id.* at 1158. "A party disappointed

21  by a decision of a state court may seek reversal of that decision by appealing to a higher

22  state court." *Id.* at 1155. "A party disappointed by a decision of the highest state court in

23  which a decision may be had may seek reversal of that decision by appealing to the

24  United States Supreme Court." *Id.* "In neither case may the disappointed party appeal to

25  a federal district court, even if a federal question is present or if there is diversity of

26  citizenship between the parties." *Id.*

27        Based on the Complaint, Plaintiff has already litigated the question of whether his

28  convictions should be vacated at the Nevada Court of Appeals. As such, it appears that

1    Plaintiff is asking this Court to reach a different conclusion than that already reached by

2    the Nevada state courts and, in effect, to conduct a *de facto* appeal from the Nevada

3    Court of Appeals decision. This Court does not have jurisdiction to reverse the decision

4    reached by the Nevada Court of Appeals. Because Plaintiff is trying to overturn a decision

5    of the Nevada Court of Appeals, he must appeal to the Nevada Supreme Court and then

6    directly to the United States Supreme Court.

7        Furthermore, even if this action were not barred by the *Rooker–Feldman* doctrine,

8    the Court notes that the Supreme Court has held that a prisoner in state custody cannot

9    use a § 1983 action to challenge "the fact or duration of his confinement," but instead

10   must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*,

11   544 U.S. 74, 78 (2005); *see also Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016)

12   (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for

13   claims brought by state prisoners that fall within the core of habeas, and such claims may

14   not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state

15   prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought

16   (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

17   leading to conviction or internal prison proceedings)–if success in that action would

18   necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

19       Plaintiff argues that the order from the Nevada Court of Appeals finding that he

20   had not been properly sentenced satisfies the "prior invalidation" requirement. But Plaintiff

21   does not seek any relief related to his previous improper sentence. Rather, Plaintiff

22   requests that the Court order the state district court to issue a judgment of acquittal. The

23   Nevada Court of Appeals specifically found that a judgment of acquittal was inappropriate.

24   (ECF No. 1-1 at 19.) As such, there is no habeas order finding that Plaintiff is entitled to

25   a judgment of acquittal, and this Court cannot issue such an order.

26       Accordingly, the Complaint is dismissed without prejudice but without leave to

27   amend. As such, the Court dismisses Plaintiff's application to proceed *in forma pauperis*

28   (ECF No. 5), as well as Plaintiff's outstanding motions (ECF Nos 4, 6, 7) as moot.

1    **III.    CONCLUSION**

2          For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in*

3    *forma pauperis* (ECF No. 5) is denied as moot.

4          It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and

5    send Plaintiff a courtesy copy of the Complaint.

6          It is further ordered that the Complaint is dismissed in its entirety without prejudice

7    and without leave to amend.

8          It is further ordered that Plaintiff's outstanding motions (ECF Nos. 4, 6, 7) are

9    denied as moot.

10         It is further ordered that this Court certifies that any *in forma pauperis* appeal from

11   this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

12         It is further ordered that the Clerk of the Court close this case and enter judgment

13   accordingly.

14         DATED THIS 24th Day of February 2021.

15

16         MIRANDA M. DU
           CHIEF UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

6